# In the United States Court of Federal Claims

No. 20-356C
(Filed under seal April 24, 2020)†
(Reissued April 29, 2020)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                 *
                                 *
ACTA, LLC,                       *
                                 *
          Plaintiff,             *
                                 *
     v.                          *
                                 *
THE UNITED STATES,               *
                                 *
          Defendant,             *
                                 *
     and                         *
                                 *
UNCOMN, LLC,                     *
                                 *
          Defendant-Intervenor.  *
                                 *
                                 *
* * * * * * * * * * * * * * * * *
```

## ORDER

For the reasons stated on the record during the status conference held today, the Court **GRANTS** plaintiff's motion for a preliminary injunction. In summary, the Court found that ACTA prevailed on two merits grounds.

First, the price realism analysis---which resulted in the determination that ACTA's proposed labor rates were unrealistically low and in the rejection of ACTA's proposal because unrealistic rates present risk to "successful performance and execution of the tasks detailed in the contract's PWS," Admin. R. (AR) at 1043, 1184---was not adequately supported and explained in the record. Specifically, a review of the realism analysis, AR at 1038–48, and the supporting information, AR at 1055–81, did not reveal how the United States Transportation Command

---

† This order was initially filed under seal. As the parties have agreed that it contains no protected information, it is reissued for public access with no changes.

(USTRANSCOM) could have determined that "[a]pproximately 77% of ACTA's proposed unit prices," AR at 1043, were unrealistically low, yet seemingly not one rate of any of the ten other offerors was found likewise.  This was not a matter in which "the agency's path may reasonably be discerned." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 43 (1983) (quotation omitted).  No metric was apparent or could be inferred which would capture roughly 77% of ACTA's rates but none of the rates of other offerors.

Second, in rejecting ACTA's proposal on responsibility-type grounds, rather than using the realism analysis in a comparative best-value assessment with awardee UNCOMN, the agency performed a de facto responsibility determination. *See Lawson Envtl. Servs., LLC v. United States*, 126 Fed. Cl. 233, 245–46 (2016); *KWR Constr., Inc. v. United States*, 124 Fed. Cl. 345, 360–62 (2015); *PlanetSpace, Inc. v. United States*, 92 Fed. Cl. 520, 545–47 (2010); *Capitol CREAG LLC*, B-294958.4, 2005 CPD ¶ 31, 2005 WL 241279, at *5 & n.6 (Comp. Gen. Jan. 31, 2005); *Clegg Industries, Inc.*, 70 Comp. Gen. 679, 681 (1991).  When an otherwise acceptable small business proposal is rejected on a basis implicating responsibility, such as staff capability or competence, *see* 15 U.S.C. § 637(b)(7)(A), a contract may not be awarded before the matter is referred to the Small Business Administration (SBA) and a Certificate of Competency determination is made.  *See Lawson Envtl. Servs.*, 126 Fed. Cl. at 245–46 (discussing, *inter alia*, 15 U.S.C. § 637(b)(7)(A); 48 C.F.R. § 19.602–1(a)(1)–(2)).  The Court found that the rejection based on the risk to successful performance posed by labor rates believed to be unrealistically low rested upon responsibility elements, and thus triggered the SBA referral.

Preliminary injunctive relief requires that a plaintiff establish it is "likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, (2008).  The success on the merits shown by ACTA satisfied the first prong of this test.  The Court found that the agency's arbitrary realism determination and failure to follow the SBA referral law and regulations cost ACTA a substantial chance at being awarded the contract, and the lost profits associated with the contract constitute irreparable harm.  *See MORI Assocs. v. United States*, 102 Fed. Cl. 503, 552–53 (2011).  The balance of equities favor ACTA, as UNCOMN has no right to perform an improperly (or prematurely) awarded contract; any complications for the agency were by choice, as it decided not to stay performance voluntarily after being informed of the imminence of the protest, *see GTA Containers, Inc. v. United States*, 103 Fed. Cl. 471, 491 (2012); and a disruption in the critical service at issue can be avoided by delaying the effective date of any injunctive relief.  An injunction is in the public interest, as it would protect the Small Business Act policy of referring to the SBA responsibility determinations concerning small businesses and would ensure that the agency's price realism analysis has a rational basis---which is particularly important here given that this analysis resulted in the rejection of one of only two technically acceptable offerors.

Having satisfied all four factors, ACTA has established its right to a preliminary injunction. To prevent a disruption in service, and to provide the agency time to secure an alternative contract vehicle for the performance of the work at issue, the Court will allow UNCOMN to continue performance of the contract through Monday, May 11, 2020. As ACTA has persuaded the Court that it is not only likely to succeed on the merits but *has succeeded* on two arguments, on the basis of the administrative record, the Court determines, pursuant to Rule 65(c) of the Rules of the United States Court of Federal Claims (RCFC), that the proper amount of security in this case is $0.00.

It is thereby **ORDERED** by the Court, pursuant to RCFC 65, that defendant United States of America, the Department of Defense, the Department of the Air Force, the United States Transportation Command, and their officers, agents, employees, and representatives, and all persons acting in concert with them respecting solicitation number HTC71119RD007, are hereby RESTRAINED AND ENJOINED from accepting performance from UNCOMN, LLC under the contract awarded pursuant to that solicitation, after **Monday, May 11, 2020**.

Further, it is **ORDERED** that the United States of America, the Department of Defense, the Department of the Air Force, the United States Transportation Command, and their officers, agents, employees, and representatives, and all persons acting in concert with them respecting solicitation number HTC71119RD007, are hereby RESTRAINED AND ENJOINED from awarding a contract under HTC71119RD007 until a revised realism analysis is performed concerning the offers of ACTA, LLC and UNCOMN, LLC, which fully explains the basis for finding rates to be either realistic or unrealistic; and until a new source selection decision is made, taking the revised realism analysis into account.

Finally, if as a result of the revised realism analysis described above, USTRANSCOM determines that the proposal of ACTA, LLC should again be rejected because it contains rates that are unrealistically low, rather than be considered in a best-value tradeoff, it is **ORDERED** that the United States of America, the Department of Defense, the Department of the Air Force, the United States Transportation Command, and their officers, agents, employees, and representatives, and all persons acting in concert with them respecting solicitation number HTC71119RD007, are hereby RESTRAINED AND ENJOINED from awarding a contract under HTC71119RD007 until the matter of ACTA, LLC's responsibility is referred to and decided by the SBA.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Senior Judge
